D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and PATRICK MICHELS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

### INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Patrick Michels (collectively "Plaintiffs") seek expedited processing and release of agency records requested from Defendant the United States Department of Homeland Security ("DHS") pertaining to Immigrations and Customs Enforcement ("ICE") records.

2. In 2017, Plaintiffs submitted a Freedom of Information Act request (the "Request") to ICE seeking disclosure of federal records discussing a new ICE initiative titled Enforcement and Removal Operations 2.0 ("ERO 2.0") which has been publicly acknowledged.

3. To date, Defendant has failed to issue a response, comply with FOIA's statutory

deadlines and has improperly withheld records responsive to the Request.

4. DHS's delay and improper withholding is of particular public concern because ICE has made significant changes to its policies and infrastructure in the past year and disclosed little about its modernization effort. Employee recruitment and retention, which are significant subjects in the ERO 2.0 plan, are of major public interest since President Donald Trump called for staffing increases in Executive Order No. 13768 dated January 25, 2017. Enhancing Public Safety in the Interior of the United States, 82 Fed. Reg. 8799 (2017).

5. Plaintiffs now ask the Court for an injunction requiring DHS to promptly release the withheld records.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district. Plaintiff Patrick Michels is domiciled in this district.

8. Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

9. Plaintiff CIR publishes *Reveal* an online news site at revealnews.org and *Reveal* a weekly public radio show with approximately 2 million listeners a month. Founded in 1977, as the first nonprofit investigative news organization, CIR has received multiple awards for its reporting. CIR is a nonprofit established under the laws of the State of California, with its primary office in Emeryville, California.

10. Plaintiff Patrick Michels is a staff reporter for *Reveal* and an employee of CIR.

11. Defendant DHS is a department of the executive branch of the U.S. government and


Case 4:18-cv-02711-DMR   Document 1   Filed 05/08/18   Page 3 of 6

an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ICE is a component of DHS. DHS has its headquarters in Washington, D.C. and offices all over the country, including in Oakland and San Francisco, California.

## FACTUAL BACKGROUND

### ICE's ERO 2.0

12. Through ERO, ICE enforces the nation's immigration laws in a fair and effective manner. It identifies and apprehends removable aliens, detains these individuals when necessary and removes illegal aliens from the United States. ICE, Enforcement and Removal, *Mission, available at*, https://www.ice.gov/ero.

13. On April 6, 2017, DHS Chief Human Capital Officer, Angela Bailey announced to Congress that ICE was undertaking a transformation of ERO called ERO 2.0. Hearing Before House Committee on Oversight and Government Reform, Subcommittee on Government Operations, 115th Cong. (2017).

14. Ms. Bailey explained, "This effort includes a broad array of initiatives, including site-specific functional and operational adjustments within areas of responsibility; a new hiring plan that increases speed and quality of hiring; and creation of an effective mechanism for employees to search for and access critical ICE and ERO policies. The goal is to enable ERO to more effectively enforce current immigration policies, as well as identify avenues to improve the morale, career growth, and development of ERO's workforce." *Id.*

15. This program has also been referenced in bidding documents posted publicly on the Federal Business Opportunities website. *See, e.g.*, Dep't of Homeland Security, Integrated Consulting Services No. HSCECR-17-F-00003 (Nov. 2, 2017), https://bit.ly/2K4Eky2; Dep't of Homeland Security, Integrated Consulting Services No. HSCECR-17-F-00003 (July 12, 2017), https://bit.ly/2jKaJiq.

16. The public need for disclosure of documents discussing ERO 2.0 is compelling. Immigration enforcement policies are changing rapidly, and President Trump has indicated an


-3-
COMPLAINT FOR INJUNCTIVE RELIEF

interest in hiring thousands of new agents to work for ICE. *See, e.g.*, Tal Kopan, *How Trump Changed the Rules to Arrest More Non-Criminal Immigrants*, CNN, March 2, 2018, https://cnn.it/2I3iivtl; Greg Moran, *ICE Looks to Private Sector to Help Hire Nearly 6,600 Workers To Support the 10,000 New Agents Trump Wants*, SAN DIEGO UNION-TRIBUNE, Feb. 1, 2018, https://bit.ly/2EqF4P4. In recent months reporting on these subjects has been of critical public concern. Disclosure will also shed light on ICE's public spending to private consultants, and the degree to which private interests are shaping public policy. *See, e.g.*, Patrick Michels, *ICE Plans to Outsource Data Collection on 500,000 People a Month*, REVEAL, August 25, 2017, https://bit.ly/2hfmnE5. Release of the DHS records would inform the public on this important topic of public concern.

**The Request**

17. On November 10, 2017 Mr. Michels submitted a FOIA request to ICE seeking records pertaining to a special ICE initiative  A true and correct copy of that letter is attached as Exhibit A.

18. More specifically, it requested:

   a. Reports, presentations, memoranda, and correspondence to members of Congress, produced by ICE or in ICE's possession, concerning the ICE "ERO 2.0" initiative, dated from December 1, 2016, to November 10, 2017.

   b. Presentations, reports, memoranda and any other materials in ICE's possession produced by McKinsey & Company, Inc., under task order HSCECR-17-F-00003, to address ICE "Transformation Task 3," dated from December 28, 2016, to November 10, 2017.

19. Plaintiffs sought a waiver of search and review fees on the grounds that the CIR qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii) and (iii).

20. Plaintiffs sought expedited processing on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged

federal government activity. 5 U.S.C. § 522(a)(6)(E)

21. Plaintiff Mr. Michels certified that all statements were true to the best of his knowledge.

22. DHS's FOIA tracker listed the estimated delivery date as December 31, 2017. A true and correct copy of that letter is attached as Exhibit B.

23. On January 12, 2018, Mr. Michels requested an update on the status of his request. A true and correct copy of that letter is attached as Exhibit C.

24. On February 12, 2018, ICE sent an acknowledgement letter. A true and correct copy of that letter is attached as Exhibit D.

25. To date, DHS has made no final determination as to the appeal.

26. More than 20 working days have passed since Plaintiffs submitted their request on November 10, 2017.

27. DHS has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), requiring that an agency make a determination with respect to an appeal within the 20 business days.

28. Having exhausted all administrative remedies, Plaintiffs now seeks injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

29. Plaintiffs repeat and reallege paragraphs 1–28.

30. DHS is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

31. DHS has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

32. DHS has failed to expedite processing.

33. DHS has failed to act on Plaintiffs' request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

34. Plaintiffs are entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that Defendant DHS violated FOIA by failing to provide requested records in response to Plaintiffs' FOIA requests and failing to notify Plaintiffs of any determination;

2. Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3. Order Defendant DHS to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: May 8, 2018

Respectfully submitted,

By: /s/
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Email: vbaranetsky@revealnews.org

Attorney for Plaintiffs