1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  GIOCONDA R. MOLINARI (CABN 177726)
   Assistant United States Attorney
4  E-mail:gioconda.molinari@usdoj.gov

5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102
        Telephone: (415) 436-7220
7       Facsimile:  (415) 436-6748

8  Attorneys for the Federal Defendant

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                         OAKLAND DIVISION
12

13  The Center for Investigative Reporting    )   Case No. 4:18-CV-02711 DMR
    and Patrick Michels,                       )
14                                             )
             Plaintiffs,                       )
15                                             )   **ANSWER TO PLAINTIFFS'**
                                               )   **COMPLAINT**
16        v.                                   )
                                               )
17                                             )
    U.S. Department of Homeland Security        )
18                                             )
             Defendant.                         )
19  _____  )

20       Federal defendant, United States Department of Homeland Security ("DHS"), hereby answers the

21  Complaint for Injunctive Relief ("Complaint") that plaintiffs, The Center for Investigative Reporting and

22  Patrick Michels, filed on February 15, 2018.

23                              **INTRODUCTION**

24       1.  This paragraph contains plaintiffs' characterization of this action to which no response is

25  required.  To the extent a response is required, defendant admits that plaintiffs purport that this action is

26  brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and denies the remaining

27

28  DEFENDANT'S ANSWER
    Case No. 4:18-CV-02711 DMR

allegations.

2.   Defendant admits that it received a FOIA request from plaintiffs dated November 10, 2017. The remaining allegations of this paragraph contain plaintiffs' characterization of the request to which no response is required.   The document speaks for itself.   To the extent a response is required, except as expressly admitted, defendant denies the allegations.

3.   This paragraph consists of plaintiffs' legal argument and conclusions of law, to which no response is required.   To the extent a response is required, defendant denies the allegations.

5.   This paragraph contains plaintiffs' request for injunctive relief to which no response is required. To the extent a response is required, defendant denies the allegations, and denies that plaintiffs are entitled to such relief, or to any relief at all.

## JURISDICTION AND VENUE

6.   This paragraph consists legal conclusions as to jurisdiction to which no response is required.

7.   This paragraph consists allegations as to venue to which no response is required.   To the extent a response is required, defendant lacks sufficient information to admit or deny the allegations and on that basis denies the allegations.

8.   This paragraph consists legal conclusions to which no response is required.   To the extent a response is required, defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies the allegations.

## PARTIES

9.   Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies the allegations.

10.   Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies the allegations.

11.   Defendant admits the allegations of this paragraph.

## FACTUAL BACKGROUND

12.   This paragraph consists of plaintiffs' characterizations of ICE, Enforcement and Removal

Operations ("ERO"), to which no response is required.  To the extent that a response is required, defendant admits the allegations and respectfully refers the Court to the referenced website for a complete and accurate description of ERO.

13.  This paragraph consists of plaintiffs' characterizations of DHS' Chief Human Capital Officer Angela Bailey's testimony to Congress to which no response is required.  To the extent that a response is required, defendant admits that Ms. Bailey addressed Congress, and respectfully refers the Court to the Congressional Hearing cited in this paragraph for a complete and accurate description of its contents.

14.  This paragraph consists of plaintiffs' characterizations of Ms. Angela Bailey's testimony to Congress to which no response is required.  To the extent that a response is required, defendant admits that Ms. Bailey addressed Congress, and respectfully refers the Court to cited Congressional Hearing for a complete and accurate description of its contents.

15.  This paragraph consist of plaintiffs' characterization of bidding documents posted on a DHS website to which no response is required.  To the extent that a response is required, defendant admits that bidding documents were posted on DHS websites, and respectfully refers the Court to the websites cited on this paragraph for a complete and accurate description of the contents.

16.  This paragraph consists of plaintiffs' characterizations of ERO 2.0 to which no response is required.  To the extent that a response is required, defendant denies the allegations, and respectfully refers the Court to the websites cited in this paragraph for a complete and accurate description of the contents.

**THE REQUEST**

17.  Defendant admits that it received a FOIA request from plaintiffs dated November 10, 2017. The remaining allegations of this paragraph contain plaintiffs' characterization of the request to which no response is required.  The document speaks for itself.  To the extent a response is required, except as expressly admitted, defendant denies the allegations of this paragraph.

18.  Defendant admits the allegations of this paragraph.

19.  This paragraph consist of plaintiffs' characterization of their FOIA request to which no response is required.  The document speaks for itself.  To the extent a response is required, defendant admits that plaintiffs requested a waiver of search and review fees, and denies the remaining allegations.

DEFENDANT'S ANSWER
Case No. 4:18-CV-02711 DMR

20.   This paragraph consists of plaintiffs' characterization of the FOIA request to which no response is required.   The document speaks for itself.   To the extent a response is required, defendant admits that plaintiffs requested expedited processing of the FOIA request, and denies the remaining allegations.

21.   Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies the allegations.

22.   Defendant admits the allegations of this paragraph.

23.   Defendant admits the allegation of this paragraph.

24.   Defendant admits the allegation of this paragraph.

25.   Defendant admits that defendant has not issued a final response to the FOIA request, but denies the remaining allegations.

26.   Defendant admits the allegations of this paragraph.

27.   This paragraph consists of legal argument and conclusions of law to which no response is required.   To the extent that a response is required, defendant denies the allegations.

28.   This paragraph consists legal argument and conclusions of law to which no response is required.   To the extent that a response is required, defendant admits that plaintiffs seek injunctive relief, but defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and on that basis denies the allegations.

## CAUSE OF ACTION

29.   Defendant incorporates its responses to paragraphs 1 through 28 above, and incorporates each response therein as though fully set forth herein.

30.   This paragraph consists of conclusions of law to which no response is required.   To the extent that a response is required, defendant denies the allegations.

31.   This paragraph consists of legal argument and conclusions of law to which no response is required.   To the extent that a response is required, defendant denies the allegations.

32.   This paragraph consists of legal argument and conclusions of law to which no response is required.   To the extent that a response is required, defendant denies the allegations.

DEFENDANT'S ANSWER
Case No. 4:18-CV-02711 DMR

4

1      33.  This paragraph consists of legal argument and conclusions of law to which no response is

2   required.  To the extent that a response is required, defendant denies the allegations.

3      34.  This paragraph consists of legal argument and conclusions of law to which no response is

4   required.  To the extent that a response is required, defendant denies the allegations.

5                                        **REQUESTED RELIEF**

6      The remainder of the Complaint constitutes a prayer for relief to which no response is required.

7   To the extent a response is required, defendant denies the allegations, and denies that plaintiffs are entitled

8   to the relief sought, or to any relief at all.

9      All allegations not specifically responded to above are denied.

10      AND FURTHER the answering, defendant avers:

11                                     **AFFIRMATIVE DEFENSES**

12                                   FIRST AFFIRMATIVE DEFENSE

13   The Court lacks subject matter jurisdiction over some or all of the claims alleged.

14                                  SECOND AFFIRMATIVE DEFENSE

15      The Court lacks jurisdiction over any matter to the extent plaintiffs failed to satisfy prerequisites

16   to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this

17   action.

18                                   THIRD AFFIRMATIVE DEFENSE

19      The Complaint fails to state a claim upon which relief can be granted.

20                                  FOURTH AFFIRMATIVE DEFENSE

21      Plaintiffs have failed to exhaust administrative remedies.

22                                   FIFTH AFFIRMATIVE DEFENSE

23      Plaintiffs have not alleged sufficient factual and/or legal bases for their request for costs and/or

24   attorney's fees.

25                                   SIXTH AFFIRMATIVE DEFENSE

26      At all times alleged in the Complaint, defendant was acting with good faith, with justification, and

27   pursuant to authority.

28   DEFENDANT'S ANSWER
    Case No. 4:18-CV-02711 DMR

1

SEVENTH AFFIRMATIVE DEFENSE

2

FOIA does not authorize the injunctive relief requested.

3

EIGHTH AFFIRMATIVE DEFENSE

4    Defendant cannot produce documents that FOIA exempts from disclosure.  Disclosure of such

5 information is not required or permitted.  Some or all of the requested documents may be exempt from

6 disclosure under FOIA.

7

NINTH AFFIRMATIVE DEFENSE

8    Plaintiffs did not submit a FOIA request that reasonably describes the records sought as required

9 by FOIA.

10

TENTH AFFIRMATIVE DEFENSE

11    There is no provision in FOIA for obtaining declaratory relief.

12    Defendant reserves the right to assert additional affirmative defenses in the event that such

13 affirmative defenses would be appropriate.

14    WHEREFORE, defendant prays that:

15    1.  The Complaint be dismissed with prejudice;

16    2.  Plaintiffs take nothing by this action;

17    3.  No injunctive relief be awarded to plaintiffs;

18    4.  The Court enter judgment in favor of the defendant; and

19    5.  The Court grant such other and further relief as it deems just and proper.

20    Respectfully submitted,

21    ALEX G. TSE

22    Acting United States Attorney

23
Dated:  June 25, 2018    By:_____/s/_____

24    GIOCONDA R. MOLINARI

25    Assistant United States Attorney

26

27

28

DEFENDANT'S ANSWER
Case No. 4:18-CV-02711 DMR