1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  GIOCONDA R. MOLINARI (CABN 177726)
   Assistant United States Attorney
4  E-mail: gioconda.molinari@usdoj.gov

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-7220
      Facsimile:  (415) 436-6748
7
   Attorneys for the Defendant
8
                    UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA
                         OAKLAND DIVISION
10

11  THE CENTER FOR INVESTIGATIVE              Case No. 4:18-CV-02711 DMR
    REPORTING AND PATRICK MICHELS,
12                                            **ADMINISTRATIVE MOTION TO STAY**
                    Plaintiffs,               **PROCEEDINGS – CIV. L.R. 7-11**
13                                            **[PROPOSED] ORDER**

14        v.

15  U.S. DEPARTMENT OF HOMELAND
    SECURITY,
16
                    Defendant.
17

18      **I.      INTRODUCTION**

19          Pursuant to Civil Local Rule 7-11, defendant respectfully requests a stay of the proceeding in this

20  case pending the Ninth Circuit Court of Appeals' consideration of the government's Petition for Panel

21  Rehearing or Rehearing En Banc ("Petition") in *Rojas v. FAA*, 927 F.3d 1046 (9th Cir. 2019), that was

22  filed on August 1, 2019, *Rojas v. FAA*, No 17-55036, ECF No. 46.  In *Rojas*, the Ninth Circuit held that

23  Exemption 5 of the Freedom of Information Act ("FOIA)[1] (5 U.S.C § 552(a)(4)(B)) only applies to

24  records that the government itself creates and retains without employing a third-party consultant.  927

25  F.3d 1054.  In this case, pursuant to Exemption 5, defendant withheld from plaintiffs material prepared

26

27  _____
        [1] Exemption 5 protects from disclosure all "inter-agency or intra-agency" documents that "would
28  not be available by law to a party … in litigation with the agency."  5 U.S.C. § 552(b)(5).

    Defendant's Motion for Stay
    4:18-CV-02711 DMR
                                        1

1    by a third-party consultant on behalf of the defendant.  *See* ECF Nos. 34, 35.  Plaintiffs disagree that the

2    material is exempted from release pursuant to Exemption 5.  *See* ECF No. 35.  Accordingly, prior to the

3    government's filing its Petition, the parties stipulated, and the Court ordered, a briefing schedule on

4    cross-motions for summary judgement to resolve this issue.  *Id.*  Because *Rojas* controls whether the

5    material at issue is entitled to Exemption 5 protection, Defendant seeks to stay the proceedings for the

6    limited length of time necessary to afford the Ninth Circuit an opportunity to rule on the government's

7    Petition, and undertake any further proceedings as appropriate.  As explained below, to allow this case

8    to proceed, and to decide the parties' cross-motions for summary judgment without waiting to see

9    whether the *Rojas* decision will remain in place, would contradict judicial efficiency and would be

10   prejudicial to the defendant.  Therefore, defendant respectfully requests that this Court stay the

11   proceedings in this case pending decision by the Ninth Circuit as to whether it will grant the

12   government's Petition.

13           **II.       DISCUSSION**

14           A motion to stay the proceedings requires the weighing of the following factors: "the possible

15   damage which may result from the granting of a stay, the hardship or inequity which a party may suffer

16   in being required to go forward, and the orderly course of justice measured in terms of the simplifying or

17   complicating of issues, proof, and questions of law which could be expected to result from a stay."

18   *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

19   (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A district court must also

20   consider the length of the proposed stay.  *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

21           The circumstances here warrant ordering a stay of the proceedings.  It would be most efficient

22   for the Court to exercise its discretion to stay the proceedings for the limited length of time necessary to

23   afford the Ninth Circuit the opportunity to rule on the Petition.  *See Landis*, 299 U.S. at 254-55 ("The

24   United States Supreme Court has long held that the 'power to stay proceedings is incidental to the power

25   inherent in every court' to control its own docket 'with economy of time and effort for itself, for

26   counsel, and for litigants.'").  *See also Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1045 (9th Cir.

27   2015) (district court stayed proceedings pending rehearing en banc in the Ninth Circuit of a different

28

Defendant's Motion for Stay
4:18-CV-02711 DMR

1    case involving a related issue); *Ulanday v. Kane*, No. CV07-2101PHX-NVW LOA, 2008 WL 1989792,

2    at *3 (D. Ariz. May 5, 2008) (holding district court briefing in abeyance twice pending the Ninth

3    Circuit's decision on a petition for rehearing en banc); *Fontes v. Time Warner Cable Inc.*, No. CV14-

4    2060-CAS (CWX), 2015 WL 9272790, at *4 (C.D. Cal. Dec. 17, 2015) (district court stayed the

5    resolution of a case for a second time pending resolution of appellate review of a pertinent FCC ruling.)

6    Prior to the government filing its Petition, in a similar case pending in this District, *ASBL v. U.S.*

7    *Department of Defense*, the Court ordered the proceedings in abeyance pending the Ninth Circuit's

8    decision on the government's filing a Petition for Review and the Ninth Circuit's review of the Petition.

9    *See ASBL v. U.S. Department of Defense*, No. 3:18-cv-01979 WHA, ECF No. 93.

10         The Court's inherent power to stay proceedings includes ordering a stay "pending resolution of

11   independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d

12   857, 863 (9th Cir. 1979).  Here, there is no question that resolution of whether the Ninth Circuit will

13   agree to grant the government's Petition for Review, or to decline and leave *Rojas* in place, is an

14   independent proceeding that bears upon in the instant case: whether third party consultant material

15   developed on behalf of the government is protected by FOIA Exemption 5.  Further, where, as here, a

16   stay is requested pending the resolution of another action "a finding that the issues are substantially

17   similar is sufficient to support a stay." *Manos v. MTC Financial, Inc.*, No. SACV 16-01142-CJC

18   (KESX), 2017 WL 8236291 (citing *Landis*, 299 U.S. at 254); *see also Mediterranean Enterprises, Inc.*

19   *v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) (upholding stay of suit pending a decision on

20   arbitration, where the arbitrable and non-arbitrable counts in the complaint overlapped both factually

21   and legally)

22         Moreover, staying the proceedings in this case will prevent any judicial inefficiency arising from

23   potentially having to revisit the *Rojas* decision a second time.  After the Ninth Circuit has acted on the

24   Petition, the Court, and the parties, will then be able to resolve the case efficiently and without potential

25   risk of legal error as to whether *Rojas* controls in this case.  These efficiencies cannot be accomplished if

26   the case were to proceed to motion practice without resolution of the pending Petition.

27

28

Defendant's Motion for Stay
4:18-CV-02711 DMR

1    Granting a stay for this limited purpose is also the most equitable approach.  Should the material

2  at issue were ordered released, in light of a decision that could be overturned, would prejudice the

3  defendant.  Release of FOIA protected information is irrevocable: not only would plaintiffs, one of

4  which is a news agency, have access to FOIA protected information, but they would be free to disclose it

5  to the general public.

6    Finally, the stay, if granted, will be of limited duration, only for the length of time necessary to

7  afford the Ninth Circuit the opportunity to rule on the government's Petition.  The Ninth Circuit is acting

8  expeditiously, having already ordered the Plaintiff-Appellant to file a response to the Petition.  *Rojas*,

9  No 17-55036, ECF No. 47.  Thus, in these circumstances, the weighing of the controlling factors,

10  despite any potential delay in the resolution of this case, tips heavily in favor of granting a stay.

11                                          Respectfully submitted,

12                                          DAVID L. ANDERSON
                                            United States Attorney
13

14  Dated: August 13, 2019              By:_____/s/_____
                                            GIOCONDA R. MOLINARI
15                                          Assistant United States Attorney

16                                  **[PROPOSED] ORDER**

17    The proceedings in this case are stayed until the Ninth Circuit Court of Appeals rules on whether

18  to grant the government's Petition for Panel Rehearing or Rehearing En Banc, and undertake any further

19  proceedings as appropriate.

20    IT IS SO ORDERED

21    DATED: _____

22                                          _____
                                            HON. DONNA M. RYU
                                            United States Magistrate Judge
23

24

25

26

27

28

Defendant's Motion for Stay
4:18-CV-02711 DMR