DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
GIOCONDA R. MOLINARI (CABN 177726)
Assistant United States Attorney
E-mail: gioconda.molinari@usdoj.gov
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7220
    Facsimile:  (415) 436-6748

Attorneys for the Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING AND PATRICK MICHELS,<br><br>               Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>               Defendant. | Case No. 4:18-CV-02711 DMR<br><br>**STIPULATION OF SETTLEMENT OF ATTORNEY'S FEES AND DISMISSAL** |

      Plaintiffs, the Center for Investigative Reporting and Patrick Michels, and Defendant U.S. Department of Homeland Security ("DHS"), hereby stipulate as follows:

      WHEREAS, on May 8, 2018, Plaintiffs filed a Complaint under the Freedom of Information Act ("FOIA") ("Complaint") seeking disclosure of DHS records (the "FOIA Request"), Dkt. No. 1;

      WHEREAS, on October 11, 2019, the Court dismissed with prejudice Plaintiffs' FOIA claims pursuant to the parties' stipulation, with the exception of the issue of attorney's fees, Dkt. No. 44;

      WHEREAS, the parties wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action with regard to Plaintiffs' attorney's fees related to their FOIA claims in the above-captioned litigation.

1      NOW THEREFORE, in consideration of the mutual promises contained in this Stipulation, and
2 other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as
3 follows:
4      1.     **Settlement Amount**.  Defendant agrees to pay the sum of $7,250.00 (seven thousand two
5 hundred fifty dollars ("Settlement Amount") to Plaintiffs in full in complete satisfaction of Plaintiffs'
6 claims for attorney's fees and costs under FOIA, 5 U.S.C. § 552, as amended, in the above-captioned
7 matter.  This payment shall constitute full and final satisfaction of any and all of Plaintiffs' claims for
8 attorney's fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any
9 interest.
10     2.     **Dismissal of Action**.  Plaintiffs voluntarily dismiss this suit with prejudice based on the
11 terms set forth herein and the Stipulation of Dismissal filed on October 11, 2019, Dkt. No. 44.
12 Execution and filing of this Stipulation of Settlement by counsel for Plaintiffs and counsel for Defendant
13 constitutes a dismissal of the lawsuit, with prejudice.
14     3.     **Release**.  Upon the execution of this Settlement Agreement, Plaintiffs and their
15 successors or assigns hereby release and forever discharge Defendant, its successors, the United States
16 of America, and any department, agency, or establishment of the United States, and any officers,
17 employees, agents, successors, or assigns of such department, agency, or establishment, from any and all
18 claims and causes of action that Plaintiffs asserted in this litigation, or that hereafter could be asserted by
19 reason of, or with respect to, or in connection with, or that arise out of, the FOIA requests and any
20 related appeals on which this action is based or any other matter alleged in Plaintiffs' Complaint,
21 including but not limited to all past, present, or future claims for attorney's fees, costs, or litigation
22 expenses in connection with the above-captioned litigation.
23     4.     **No Admission of Liability**.  The parties acknowledge that this Settlement Agreement is
24 entered into solely for the purpose of settling and compromising disputed claims in this action and
25 avoiding the expenses and risks of further litigation.  It is not intended to be, nor shall it be construed as,
26 evidence or admission of liability, or fault, or as establishing precedent.  This Settlement Agreement
27
28

shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant or Plaintiffs.

5. **Payment by Electronic Funds Transfer**.  Payment of the Settlement Amount shall be deposited by electronic fund transfer to the bank account designated by Plaintiffs' counsel after receipt of necessary information from Plaintiffs.  Plaintiffs' attorney agree to provide Defendant's counsel all information necessary to effect the electronic fund transfer to the specified bank account.  Defendant will make all reasonable efforts to make payment within thirty (90) days of the Effective Date of this Stipulation but cannot guarantee payment within that time frame.

6. **Authority**.  The undersigned counsel warrant and represent that they possess full authority to execute this Agreement and to bind the persons on whose behalf they are signing to the terms of the Agreement.

7. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiffs understand that, if the facts concerning the liability of the government is found hereinafter to be other than or different from the facts now believed by it to be true, the Agreement shall be and remain effective notwithstanding such difference.

8. **Tax Liability**.  If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount, Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined liability from any government agency.  Nothing in this Agreement constitutes an agreement by the United States of America concerning the

characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

9. **Enforcement Sole Remedy**.  The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, neither Plaintiffs nor Defendant shall seek to rescind the Agreement and seek to litigate any causes of action or defenses.  The sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and that it is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**.  If any provision of this Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

12. **Integration**.  This Settlement Agreement shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

13. **Execution and Effective Date**.  This Agreement may be executed electronically and in counterpart and is effective on the date by which both parties have executed the Agreement.  In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that each signatory has concurred in the filing of this document.

**IT IS SO STIPULATED AND AGREED.**

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | DAVID L. ANDERSON<br>United States Attorney |
| Dated: December 11, 2019 | By: /s/<br>    GIOCONDA R. MOLINARI<br>    Assistant United States Attorney |
|   | D. VICTORIA BARANETSKY<br>The Center for Investigative Reporting |
| Dated: December 11, 2019 | By: /s/<br>    D. VICTORIA BARANETSKY<br>    The Center for Investigative Reporting<br>    Attorney for Plaintiffs |

Stipulation of Settlement of Attorney's Fees and Dismissal
4:18-CV-02711 DMR